

# THE LAW OFFICE OF
# ELISA HYMAN, P.C.

January 30, 2024

**BY ECF**
Hon. Dale E. Ho
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *E.E., et al. v. New York City Dep't of Educ., et al.*
      23-cv-10302 (DEH)

Dear Judge Ho:

     I am counsel for the Plaintiff in the above-referenced matter. I am writing on behalf of both parties in accordance with Your Honor's November 27, 2023, December 19, 2023, and January 29, 2024 Orders. Docket Nos. 12, 15, 18. Although this is not a joint letter as to all matters, we are writing jointly to address the issues identified in Your Honor's Notice of Initial Pretrial Conference (Docket No. 12) and to outline the parties' opposing positions regarding the timing of discovery in this case.[1]

     Due to the parties' discovery dispute, counsel are unable to submit a full proposed Civil Case Management Plan and Scheduling Order ("CMP"). Defendants declined to negotiate any discovery schedule because, as set forth in greater detail below in Item No. 5 concerning "Discovery," Defendants seek to bifurcate the case, move for summary judgment on some of Plaintiff's claims, and preclude Plaintiff from obtaining any discovery until after that motion is decided. However, a partial CMP is attached, with the portions agreed upon by the parties completed and this letter referenced in the remaining portions.

1.   **Nature of the Action, Principal Defenses, and Major Legal and Factual Issues**

     **Plaintiff's Position**:  This action was brought by E.E. on behalf of herself and her minor child I.A., a student with learning disabilities, under the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. § 1400, *et seq*., Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 ("Section 504"), 42 U.S.C. § 1983 ("Section 1983"), and New York State law. *See* Complaint (Docket No. 1).  The New York City Department of Education ("DOE"), the Board of

---

[1] I have incorporated into the letter Plaintiff's and Defendants' respective positions where indicated.  By including the parties' differing positions in this letter, neither party is waiving the right to object to the other party's representations.

Education of the City School District of the City of New York, Chancellor David Banks, in his official capacity, and the City of New York are Defendants.[2]

I.A. is a tenth-grade student who attends a public high school. Pursuant to the IDEA's pendency provision, 20 U.S.C. § 1415(j), which attached as soon as the underlying administrative complaint was filed on April 30, 2021, until the issuance of a final order in this action I.A. is entitled to receive both in-school special education services and the following 1:1 after-school services: 10 hours per week of tutoring, 1.5 hours per week of occupational therapy, 4 hours per week of speech-language therapy, and 1 hour per week of physical therapy.  The amount of services I.A. is entitled to receive during the pendency of this action is not in dispute, and he is entitled to those services until a final decision is reached, regardless of the ultimate ruling on the merits of Plaintiff's claims.

Plaintiff raises six categories of claims, which involve interrelated and overlapping issues: First, Plaintiff seeks review of a July 24, 2023 administrative decision of the New York State Review Officer ("SRO") in SRO Appeal No. 23-077 and reversal of the portions of that decision that are adverse to her, including, *inter alia*, the finding that the DOE offered I.A. a free appropriate public education ("FAPE") under the IDEA for the 2020-2021 school year and the denial of requested declaratory and compensatory relief ("Category I"). Second, Plaintiff raises systemic IDEA claims and individual and systemic claims pursuant to Section 504 and Section 1983 which concern, *inter alia*, (a) the DOE's policy of refusing to recommend after-school special education and related services ("Services") on Individualized Education Programs ("IEPs"); (b) the DOE's refusal to recommend 1:1 tutoring and academic remediation on IEPs; and (c) the DOE's policy of scheduling the Services of children with IEPs during their academic and non-academic subjects to which their typical peers have full access ("Category II"). Third, Plaintiff seeks enforcement of a prior administrative decision issued in 2020 finding that the DOE denied I.A. a FAPE for the 2017-2018, 2018-2019, and 2019-2020 school years ("Category III"). Fourth, Plaintiff asserts that the DOE has not timely and fully implemented I.A.'s services pursuant to the stay-put provision, 20 U.S.C. § 1415(j) ("Category IV"). Fifth, Plaintiff raises challenges to the Impartial Hearing Officer's qualifications due to his status as a City employee and refusal to make a record of his background and experience, which claims the SRO has refused to hear ("Category V"). Finally, Plaintiff seeks attorney's fees and costs under the IDEA for work performed in connection with both hearings, the SRO appeal and remand hearing, and this action ("Category VI").  Plaintiff asserts that Category I claims were exhausted, and the remainder of the claims do not need to be or cannot be exhausted administratively, or were exhausted to the extent required.

During the pendency of this action, Plaintiff seeks enforcement of I.A.'s "stay-put" rights pursuant to 20 U.S.C. § 1415(j). Counsel for the parties have engaged in discussions to address implementation issues concerning I.A.'s pendency placement. Plaintiff claims that Defendants had not been timely funding the after-school tutoring, occupational therapy, and speech-language therapy being provided to I.A., but Defendants have indicated that they are working to resolve the payment issues.

---

[2] For purposes of this letter and convenience, both the DOE and all Defendants collectively will be referred to either as "Defendants" or the "DOE."  However, there are distinctions between the various Defendants and their roles that are alleged in the Complaint.

**Defendants' Position**: Consistent with the decision of the SRO and the administrative trial-level impartial hearing officer ("IHO"), Defendants contend that they offered Plaintiff a free appropriate public education ("FAPE") in compliance with their obligations under the IDEA. As such, the portions of the SRO's decision in relation to which Plaintiff seeks judicial review should be confirmed. Moreover, because Defendants should prevail as to these claims, Defendants believe that Plaintiff's systemic claims under the IDEA and under Section 504 must also fail. For the same reasons, Plaintiff's Section 1983 claims, which are also largely duplicative of the IDEA and Section 504 claims, must also fail.  Finally, so far as Defendants can discern, Plaintiff's implementation claims appear to be largely moot, and Plaintiff lacks a viable cause of action under New York law.

**2.    Basis of Jurisdiction and Venue**

Plaintiff asserts that the Court has subject matter jurisdiction over this action under the IDEA, 20 U.S.C. § 1415(i)(2)(A), (i)(3), as an action raising a federal question under 28 U.S.C. § 1331, and under 28 U.S.C. § 1343(a)(4); the Court has supplemental jurisdiction under 28 U.S.C. § 1367; and venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(1), as it is the judicial district in which Defendants are situated and/or reside. Defendants do not contest the Court's jurisdiction or venue.

**3.    Existing Deadlines, Due Dates, and/or Cut-Off Dates**

There are no current existing deadlines, due dates, or cut-off dates.  The initial pretrial conference is currently scheduled for February 6, 2024 at 3:00 p.m.

**4.    Outstanding Motions**

There are no outstanding motions at this time.  However, Defendants seek to file a motion concerning bifurcation and discovery as noted above and as set forth more fully below.

**5.    Discovery**

No discovery has yet taken place.

As noted above, the parties have a dispute concerning the timing of discovery, and we have met and conferred concerning the dispute.  The parties do not have space to articulate their positions fully herein, but we have provided the Court with a brief description of the dispute as well as a proposal for a process by which to present the issue to the Court.

Defendants assert that Plaintiff should not be afforded any discovery at this time; instead, the Defendants assert that the Court should stay all discovery until the parties litigate the appeal of the SRO Decision based on the existing record on appeal, thereby bifurcating the case. Defendants assert that this would narrow the scope of Plaintiff's systemic claims for more streamlined discovery and dispositive motions.  Plaintiff disagrees that she is not entitled to any discovery now on Category I claims, as the IDEA provides that the Court "shall hear additional evidence at the request of a party," which is up to the discretion of the Court. 20 U.S.C.

§ 1415(i)(2)(C)(ii). Further, Plaintiff does not agree that summary judgment and discovery should be bifurcated regardless of whether she is entitled to additional evidence on the administratively exhausted claims. Plaintiff asserts that the individual and systemic claims are closely interrelated in this matter, and she should be permitted to proceed with discovery now on claims that the IHO and SRO below failed to take jurisdiction of and address, or for which exhaustion is not required.

Accordingly, the parties respectfully propose that we submit this dispute to the Court through letter briefs in accordance with the following schedule: Defendants will file a letter (up to five pages) by February 9, 2024; Plaintiff will respond (up to five pages) by February 16, 2024; Defendants will reply (up to three pages) by February 22, 2024; and Plaintiff will file a sur-reply (up to two pages) by February 27, 2024, only if Defendants' reply raises an issue not previously addressed.

The parties further respectfully request that, in light of the above, the February 6, 2024 initial conference be adjourned, so that the Court will have the benefit of our briefs before the conference. This is the second request to adjourn the conference and the first joint request.[3]

If the Court grants this adjournment request, three alternative conference dates when the parties are available are February 29, March 5, and March 7, 2024.

Alternatively, if the Court does not authorize the parties to brief their discovery dispute at this time, the parties respectfully request a one-week *nunc pro tunc* extension to February 6, 2024 to file a full proposed CMP. This would be the second request for an extension of this deadline.[4]

6. **Settlement Discussions**

The parties have engaged in preliminary discussions regarding the possibility of settlement.

7. **Alternate Dispute Resolution**

The parties have discussed the use of alternate dispute resolution mechanisms. If the parties determine, as they continue to discuss the possibility of settlement, that a settlement conference before a Magistrate Judge would be helpful, the parties will notify the Court at that time.

8. **Other Relevant Information and Issues**

Defendants will request the certified administrative record of SRO Appeal No. 23-077 from the Office of State Review ("OSR") by February 13, 2024. The OSR instructions for requesting the certified administrative record require the requesting party to specify whether the presiding judge would like to receive a certified hard copy or courtesy hard copy of the administrative record from the OSR. The parties respectfully request that Your Honor specify the Court's position on

---

[3] The conference was previously adjourned on consent at the request of Defendants in connection with Defendants' request for an extension of time to file its Answer to the Complaint (Docket No. 15).

[4] A prior extension was granted on consent at the request of Defendants in connection with Defendants' request for an extension of time to file its Answer to the Complaint (Docket No. 15).

that matter so that counsel for Defendants may include the information in the request.

In addition, pursuant to Rule 5.2(d) of the Federal Rules of Civil Procedure, the parties respectfully request permission to file the certified administrative record from the OSR and the remand hearing records[5] under seal, with Bates stamping. The administrative record includes transcripts and exhibits from the administrative proceedings, which include educational and disability-related records that are replete with confidential information, including the name, date of birth, and other identifying information for minor student I.A. This information should not be made public in compliance with Federal Rule of Civil Procedure 5.2(a). *See, e.g.*, *M.T. v. New York City Dep't of Educ.*, No. 1:14-CV-10124-GHW, 2016 WL 1267794, at *2 n.2 (S.D.N.Y. Mar. 29, 2016) (noting under seal filing of administrative record in IDEA case); *J.W. v. New York City Dep't of Educ.*, 95 F. Supp. 3d 592, 597 n. 1 (S.D.N.Y. 2015) (same); *C.L. v. Scarsdale Union Free Sch. Dist.*, 913 F. Supp. 2d 26, 30 n.2 (S.D.N.Y. 2012) (same).

The parties also anticipate that we will jointly apply to the Court for a sealing order to cover any additional educational, medical, and/or sensitive records concerning I.A. that the parties may need to file during the action. We also anticipate submitting a protective order and clawback agreement to the Court for the Court's endorsement before the production of any documents through discovery.

Thank you for the Court's attention to this matter and consideration of the parties' requests.

cc: **BY ECF**
All Counsel of Record

Respectfully submitted,

/s/
Erin McCormack-Herbert, Senior Attorney
(646) 572-9056
emccormack@specialedlawyer.com

Application GRANTED.

The initial conference scheduled for February 6, 2024 is ADJOURNED to **March 5, 2024** at **10:30 a.m. EST**. Parties shall file a joint status letter, attaching a proposed case management plan, by **February 27, 2024**. The parties shall join the conference by dialing (646) 453-4442 and entering the conference ID: 683 977 580, followed by the pound sign (#).

Defendants shall file a letter (up to five pages) by February 9, 2024; Plaintiff shall respond (up to five pages) by February 16, 2024; Defendants shall reply (up to three pages) by February 22, 2024; and Plaintiff shall file a sur-reply (up to two pages) by February 27, 2024, only if Defendants' reply raises an issue not previously addressed.

SO ORDERED.

Dale E. Ho
United States District Judge
Dated: January 31, 2024
New York, New York

---

[5] The SRO partially granted Plaintiff's relief concerning compensatory services for violation of the IDEA's stay-put provision, 20 U.S.C. § 1415(j), and remanded back to the IHO to consider compensatory pendency services. The IHO's decision following remand was issued on October 10, 2023 and was not appealed by either party.