UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| E.E.,<br><br>                      Plaintiff,<br><br>                v.<br><br>NEW YORK CITY DEPARTMENT OF EDUCATION, et al.,<br><br>                      Defendants. | 23 Civ. 10302 (DEH)<br><br>ORDER |

DALE E. HO, United States District Judge:

By letter-motion dated February 12, 2024, Defendants seek bifurcation pursuant to Rule 42(b).[1] February 12, 2024, Letter ("Defs.' Mot."), ECF No. 23. Plaintiff opposes. February 20, 2024, Letter ("Pl.'s Opp'n"), ECF No. 24. Defendants filed a letter in reply to the opposition. February 23, 2024, Letter ("Defs.' Reply"), ECF No. 25. For the reasons set forth below, Defendants' motion to bifurcate is **DENIED**.

## BACKGROUND

The Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq.*, requires any state receiving federal funds to provide a disabled child with a "free appropriate public education" ("FAPE"). "Under the IDEA, an individualized education program, called an IEP for short, serves as the primary vehicle for providing each child with the promised FAPE." *Fry v. Napoleon Cmty. Sch.*, 580 U.S. 154, 158 (2017). In this case, Plaintiff E.E. brings this action on behalf of herself and her minor child I.A., contending that the New York City Department of Education ("DOE") and affiliated Defendants deprived I.A. of a FAPE in

---

[1] All references to Rules are to the Federal Rules of Civil Procedure. Unless otherwise noted, when quoting judicial decisions, this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

violation of the IDEA, Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 ("Section 504"), 42 U.S.C. § 1983 ("Section 1983"), and New York law.  Compl. ¶¶ 1, 3, ECF No. 1.  The administrative proceedings below did not address the Section 504 or systemic IDEA claims because the New York State Review Officer ("SRO") declined to exercise jurisdiction over those claims.  *Id.* ¶¶ 319, 399(h).  In addition to these claims, Plaintiff also seeks reversal of adverse portions of the July 24, 2023, SRO decision (the "SRO Decision").  *Id.* ¶ 392.

The Court now considers Defendants' motion, which seeks to bifurcate judicial review of the SRO Decision under the IDEA from the other claims.  Defs.' Mot. 3.

### LEGAL STANDARD

"Rule 42(b) . . . affords a trial court the discretion to order separate trials where such an order will further convenience, avoid prejudice, or promote efficiency."  *Amato v. City of Saratoga Springs*, 170 F.3d 311, 316 (2d Cir. 1999); Fed. R. Civ. P. 42(b) ("For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims.").  The Second Circuit has "recognized that the decision whether to bifurcate a trial is committed to the sound discretion of the district court."  *Grant v. Lockett*, No. 19-469, 2021 WL 5816245, at *1 (2d Cir. Dec. 8, 2021).  "Bifurcation is the exception, not the rule, and the movant must justify bifurcation on the basis of the substantial benefits that it can be expected to produce."  *Manno v. Wal-Mart Stores E., LP*, No. 14 Civ. 2700, 2018 WL 11587435, at *1 (S.D.N.Y. Dec. 11, 2018); *accord Dallas v. Goldberg*, 143 F. Supp. 2d 312, 315 (S.D.N.Y. 2001) (collecting cases).  As such, "the circumstances justifying bifurcation should be particularly compelling and prevail only in exceptional cases."  *Kos Pharms., Inc. v. Barr Labs., Inc.*, 218 F.R.D. 387, 390 (S.D.N.Y. 2003).

"The application of Rule 42(b) does not lend itself to a bright-line test but, rather, requires case-by-case analysis." *Dallas*, 143 F. Supp. 2d at 315. In determining whether to bifurcate a case, courts in this District consider the various factors, including:

> (1) whether the issues sought to be tried separately are significantly different from one another; (2) whether the severable issues require the testimony of different witnesses and different documentary proof; (3) whether the party opposing the severance will be prejudiced if it is granted; and (4) whether the party requesting the severance will be prejudiced if it is not granted.

*BD v. DeBuono*, 193 F.R.D. 117, 125 (S.D.N.Y. 2000); *see also Mensler v. Wal-Mart Transp., LLC*, No. 13 Civ. 6901, 2015 WL 7573236, at *2 (S.D.N.Y. Nov. 24, 2015) (stating that courts should consider "whether it will produce economies in the trial of the matter, and whether bifurcation will lessen or eliminate the likelihood of juror confusion"). "[B]ifurcation may be appropriate where, for example, the litigation of the first issue might eliminate the need to litigate the second issue." *Amato*, 170 F.3d at 316. "The party seeking bifurcation bears the burden of establishing that bifurcation is warranted." *Dallas*, 143 F. Supp. 2d at 315.

## DISCUSSION

Defendants argue that it is appropriate for the Court to exercise its discretion to bifurcate on two main grounds: (1) bifurcation will promote the efficient and convenient resolution of this matter; and (2) judicial review of SRO decisions are typically rendered without the need of discovery and courts take a restrictive approach with respect to additional evidence. Defs.' Mot. 3-5; Defs.' Reply 2. Defendants' arguments are unavailing—they do not demonstrate why the interests espoused by Rule 42(b), as recognized by the Second Circuit, would be promoted by bifurcation.

First, the issues Defendants seek to bifurcate—the judicial review of the SRO Decision and the systemic claims—overlap significantly and are intertwined. *See Vichare v. AMBAC Inc.*, 106 F.3d 457, 466-67 (2d Cir. 1996) (affirming the denial of a motion to bifurcate trial where the

3

issues were "intertwined" and "[s]everal of the same witnesses would have to be called"); *accord Altman v. New Rochelle Pub. Sch. Dist.*, No. 13 Civ. 3253, 2017 WL 66326, at *15 (S.D.N.Y. Jan. 6, 2017) (similar). That is, the issues are not "significantly different from one another." *DeBuono,* 193 F.R.D. at 125.

Notably, bifurcation would not save significant resources because evidence concerning the review of the SRO Decision is relevant to the systemic claims. Even if the Court were to uphold the SRO Decision, Plaintiff could still pursue her Section 504 claim. *See* Pl.'s Opp'n 2-5. At least one court in this District has allowed discovery for the review of an SRO decision in a similar case because "Plaintiffs are entitled to discovery on their ADA and Section 504 claims, even if such discovery overlaps with Plaintiffs' IDEA claim." *L.V. v. Rye City Sch. Dist.*, No. 22 Civ. 04255, 2023 WL 5744421, at *5 (S.D.N.Y. Sept. 6, 2023). Upholding the SRO Decision would not "eliminate the need to litigate" the systemic and Section 504 claims. *Amato*, 170 F.3d at 316.

As noted above, bifurcation is the exception, not the rule, and Defendants have not shown that "particularly compelling" nor "exceptional" circumstances warranting bifurcation exist. *Kos*, 218 F.R.D. at 391.

## CONCLUSION

For the reasons stated above, Defendants' motion to bifurcate is **DENIED**. It is hereby **ORDERED** that Parties shall meet and confer in good faith and file a proposed Civil Case Management Plan and Scheduling Order by **March 29, 2024**. The parties shall use this Court's form Proposed Civil Case Management Plan and Scheduling Order, which is also available at: https://nysd.uscourts.gov/hon-dale-e-ho.

The Clerk of Court is respectfully requested to close ECF No. 23.

SO ORDERED.

Dated: March 20, 2024
New York, New York

_____
DALE E. HO
United States District Judge