

**T**HE **C**ITY OF **N**EW **Y**ORK
**L**AW **D**EPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**MURIEL GOODE-TRUFANT**
*Acting Corporation Counsel*

**DAVID S. THAYER**
*Assistant Corporation Counsel*
t: (212) 356-2649
f: (212) 356-1148
e: dthayer@law.nyc.gov

September 18, 2024

*Via ECF*

The Honorable Dale E. Ho
United States District Court for the
Southern District of New York
40 Foley Square
New York, NY 10007

Re: <u>E.E., *et al.* v. N.Y.C. Dep't of Educ., *et al.*</u>, No. 23 CV 10302 (DEH)

Dear Judge Ho:

      I am an Assistant Corporation Counsel in the office of the Acting Corporation Counsel of the City of New York, Muriel Goode-Trufant, attorney for the Defendants in the above-referenced action. Jointly with Plaintiffs' counsel, I write to respectfully request a 45-day stay of discovery so that the parties can investigate the possibility of settlement in this action, and I further write to provide the Court with a status update.

      Fact discovery in this action is set to conclude later this month, but the parties are regrettably behind on the schedule. This is due in part to the fact that I experienced several health issues over the summer months, causing irregular extended absences from the office as well as periods of being completely homebound. The parties served discovery and started to negotiate a protective order, but due to my absence from the office, have been unable to complete document discovery and proceed to depositions. In addition, I have received the record on appeal but given that there was also a remand it is taking longer than planned to organize it for filing. Unfortunately,

moreover, since I have been back in the office toward the end of the summer, Plaintiffs' counsel has been unusually busy due to a confluence of unexpected events.[1]

While this delay is regrettable, in the interim, the student maintains funding for his tutoring and speech therapy *via* the IDEA's stay-put provision, 20 U.S.C. §1415(j).

Further, the timing may have opened up a window for settlement. Upon my return to the office, the parties' counsel recently met and conferred on these issues, as well as to discuss whether an avenue towards settlement possibly exists. To that end, during that meet and confer, Plaintiffs' counsel floated a possible structure for settlement, which Defendants are investigating and considering. Plaintiffs are also attempting to obtain a service accounting for the 2020-21 and 2023-24 school years from the providers of tutoring and speech. Indeed, given that the Student in this action has recently entered the 11th Grade, and, as noted, the IDEA's stay-put covers his services while this matter is being litigated, the parties believe that serious consideration of settlement may be worthwhile as the cost of discovery could easily exceed the cost of the relief being sought.

Accordingly, the parties respectfully request that the Court grant a 45-day stay of discovery, to November 13, 2024, with the parties to provide a status update to the Court on October 14, 2024 to advise the Court if we are on track to settle. Should the discovery stay indeed expire on November 13, 2024, the parties request a 3-month extension of the time to complete discovery to account for the period this summer when the pace of discovery could not be maintained, as well as for the intervening holiday period.

I thank the Court for its consideration of this request.

Sincerely yours,

*/s/ David S. Thayer*

David S. Thayer

---

[1] Plaintiffs' counsel advised that two attorneys have recently left her office to start their own practices. Further, she has been working on the last few weeks of discovery in a citywide class action (which has been in discovery for 8 years and extended) as well as an unexpectedly expedited discovery schedule in a case before the Hon. Judge Rakoff involving 15 years of damages and education-related claims being brought by an ex-foster child. This matter was transferred from Judge Crotty. The initial conference was held at the end of May and all discovery – including experts – is scheduled to conclude on November 4, 2024. Plaintiffs' counsel was unaware of these recent events when the schedule was originally negotiated.

cc: *Via ECF*
All counsel of record

Application **GRANTED** in part.

The conference scheduled for November 12, 2024 is **ADJOURNED** *sine die* and all deadlines are **ADJOURNED** *sine die*.

By **November 13, 2024**, the parties shall file a joint status letter indicating the status of settlement and if necessary, an amended Civil Case Management Plan and Scheduling Order.

The Clerk of Court is respectfully directed to close ECF No. 37.

SO ORDERED.

Dale E. Ho
United States District Judge
Dated: September 20, 2024
New York, New York